# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANDREA D. KING,           )
                                      )
      Plaintiff,             )
                                      )
v.                             )      Case No.  CV411-028
                                      )
DILLON TRANSPORT, INC.,    )
                                      )
      Defendants.        )

# O R D E R

Defendant has filed a motion to compel, for sanctions, and for an extension of the motions deadline in this employment discrimination action.  Doc. 36.  Plaintiff has responded, doc. 37, and defendant has replied. Docs. 39, 40.

In June 2011, defendant served discovery asking plaintiff to identify and produce documents related to "all suits and proceedings" that she had initiated or in which she had appeared as a defendant since 2001.  Doc. 37-2 at 5.  Plaintiff responded to this written discovery on July 25 and furnished supplemental responses on August 18 and August 26, 2011.  She referenced some garnishment actions but failed to

mention that she had previously filed a bankruptcy petition in July 2010 that had been dismissed (with the imposition of a 180-day filing bar). Doc. 36 at 2 n. 2.  On September 30, 2011 -- between the time of her first deposition on September 26 and her second deposition on October 2 -- she again filed for bankruptcy protection, and on that same day she was arrested for felony check fraud.  Plaintiff did not supplement her interrogatory answers to reflect these developments, and she did not mention either of these legal proceedings during her second deposition (although it does not appear any questions were posed to her regarding such matters).  The bankruptcy filing came to defendant's attention after that deposition, thus necessitating plaintiff's third deposition.  Doc. 36 at 2.  The pending check fraud case was divulged by plaintiff during her third deposition when defendant's counsel specifically asked whether she had been "arrested or charged with any felony or misdemeanor involving dishonesty."  Doc. 36-1 at 7-8.  Also, plaintiff conceded during her third deposition that her former landlord had filed an eviction action against her in 2010.  *Id*. at 19-20.  Plaintiff explained during her deposition that she simply failed to understand her obligation to supplement her discovery responses to reveal this information.

2

Defendant seeks to compel plaintiff to update her discovery responses and pay the fees and costs associated with filing the motion to compel and with taking her third and fourth depositions.

In her response, plaintiff "concedes" that information pertaining to her other lawsuits "was not timely disclosed in response to the Defendant's discovery requests." Doc. 37 at 1-2. Plaintiff points out, however, that she has since supplemented her discovery responses to reflect the new information, *id.* at 1, and has explained that her failure to furnish this information earlier resulted from "her lack of familiarity with the rules governing litigation and discovery." *Id.* at 2. She suggests that defendant's motion is now "moot" and represents that because she never intended to deceive defendant or acted in bad faith, the Court should deny defendant's request for attorney's fees and costs. *Id.* at 3.

While the service of a discovery response after the filing of a motion to compel may eliminate the need for an order compelling discovery, it does not moot the question of what sanctions should be imposed for the conduct that necessitated the filing of the motion. Rule 37 provides that the Court "must" impose sanctions on a party who furnishes discovery only after a motion to compel is filed. Fed. R. Civ. P. 37(a)(5)(A); *see also*

3

Fed. R. Civ. P. 37 (c), (d).  Specifically, the Court is required to award the movant his "reasonable expenses incurred in making the motion, including attorney's fees," unless the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the nonmovant's nondisclosure "was substantially justified," or "other circumstances make an award of expenses unjust." Rule 37(a)(5).   "[E]ven an innocent failure [to answer discovery] is subject to sanctions, though the reason for the failure is relevant in determining what sanction, if any, to impose."   8B Charles A. Wright, Federal Practice and Procedure § 2281 (3d ed. 2010).

Here, the only excuse offered by plaintiff for her acknowledged failure to supplement discovery in a timely fashion was her unsophistication regarding legal matters and her contention that she did not withhold the information in bad faith.[1]   This argument is an

---

[1] Plaintiff does not challenge defendant's assertion that it made a good faith effort to obtain the requested discovery without court action. *See* Fed. R. Civ. P. 37(a)(1) (requiring that such a certification accompany any motion to compel).  The record reflects that defense counsel repeatedly made clear his position that plaintiff had not produced the requested discovery and cautioned opposing counsel at plaintiff's third deposition that he was contemplating filing a motion to compel discovery.  Doc. 36-1 at 75-76.  Some three weeks later, when defendant had yet to receive the supplemental discovery that plaintiff now concedes she was obligated to produce, defendant filed its motion to compel.  By this point, the time had passed for further emails, phone calls, or other informal efforts to confer about discovery that should have been answered months earlier.

apparent effort to demonstrate that her nondisclosure was "substantially justified." The Court is not persuaded. The rules provide that a party must answer an interrogatory "fully," Fed. R. Civ. P. 33(b)(3), and supplement his answer "in a timely manner" as new information is received. Fed. R. Civ. P. 26(e). They further make clear that an incomplete answer "must be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(4). It is undisputed that plaintiff failed to supplement her answer to defendant's interrogatory in a timely manner. But her failure to do so cannot be deemed "substantially justified," for that standard is met only where the party's nondisclosure resulted from some reasonable and genuine dispute concerning the discovery request. 8B Federal Practice and Procedure § 2288. No such dispute existed, and thus plaintiff's failure to provide discovery subjects her to the sanctions provision of Rule 37. Her alleged unsophistication or innocent misunderstanding of her discovery obligation can only be considered in determining what sanctions, if any, to impose.

The interrogatory at issue -- which defendant concedes she received (doc. 36-1 at 19) -- was not framed in difficult to understand legalese but was a simple request for plaintiff to identify "all suits and proceedings"

5

in which she had appeared as a plaintiff or defendant.  No legal training was required to understand this straightforward question.  Further, plaintiff was not proceeding pro se but was represented by an attorney who had an independent duty to educate his client about her discovery obligations.  And in signing her discovery responses, plaintiff's counsel certified to his belief, "formed after a reasonable inquiry," that the discovery responses were "complete and correct."  Fed. R. Civ. P. 26(g)(1).  The Court is *required* to impose "appropriate sanctions" for violation of the certification requirement.  Fed. R. Civ. P. 26(g)(3); *id.* advisory committee note to 1970 amendment (the rule "is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions.").

Defendant characterizes plaintiff's protestations of ignorance regarding her discovery obligations to be "incredible."  Doc. 40 at 2.  This is not an unfair assessment, and while the record does not conclusively establish that plaintiff acted in bad faith or with malice, the Court finds that she knew or reasonably should have known that the interrogatory sought information about *all* legal proceedings in which she had been a

party.[2]   Defendant never alleges that plaintiff's counsel knew that his client had failed to disclose certain other suits to which she had been a party.    But as defendant aptly notes, as the case progressed and defendant began to uncover more and more information that plaintiff had not disclosed in her answer, plaintiff's counsel should have been alerted to the need to sit down with his client and impress upon her the need to divulge *every last suit* in which she had appeared as a party.  Doc. 40 at 3 n. 1.  Certainly this should have occurred well prior to plaintiff's third deposition.

While defendant invokes the now famous *Malautea* case, there has been no showing here -- as there was in *Malautea* -- that plaintiff has engaged in a cover up of "smoking gun" type evidence that essentially undermined the merits of her entire claim.   *Malautea v. Suzuki Motor Corp.* 148 F. R. D. 362, 373 (S.D. Ga. 1991) (where defendants engaged in a "bad faith decision to avoid telling the truth at all costs," deliberately misrepresenting that they lacked any knowledge of certain critical evidence in their possession that essentially proved the opposing party's

---

[2]  The fact remains, however, that the proceedings plaintiff failed to disclose timely were not pivotal to an understanding of the factual or legal issues presented in this employment discrimination suit (and furnished only possible (not certain) grounds for impeachment).

case), *aff'd*, 987 F.2d 1536 (11th Cir. 1993).  Instead of outright lies and sabotage, this case involves a party and an attorney who ultimately produced the requested discovery, but did so piecemeal and only after unnecessary effort and expense on the part of defendant's counsel.

Still, this form of discovery abuse is serious enough and is deserving of sanctions.  Discovery is not a game of cat and mouse, of continual pursuit and near capture by one party and endless escape by the other.  It is intended to be a self-executing, extrajudicial exercise that depends upon the parties' careful attention to and compliance with the rules.  Judicial involvement should be reserved for those  genuine disputes that infrequently occur about the scope of discovery or some asserted privilege.  But far too frequently courts are forced to deal with dawdling, foot-dragging, discourteous, or mean-spirited litigants or counsel about petty disputes that could have been avoided had counsel simply lived up to their clear obligations under the rules.

Plaintiff has not shown that her failure to supplement her discovery responses in a timely manner was "substantially justified" or that other circumstances make an award of expenses unjust.  Therefore, under the rules, defendant appears entitled to an award of expenses.

Within 7 days, the defendant shall file a statement reflecting the *reasonable* expenses incurred in preparing the motion to compel.[3] Because plaintiff's failure to supplement discovery in a timely manner necessitated both her third and fourth depositions -- a remarkable occurrence indeed in such a simple case -- defendant shall further include a statement of expenses incurred in taking plaintiff's third and fourth depositions. Plaintiff may submit a response within 7 days after the filing of defendant's statement, which will provide plaintiff an opportunity to be heard before any sanction is actually imposed.

Plaintiff's counsel's own conduct here cannot go unaddressed. To proffer his own client's unsophistication and ignorance of the law as an excuse for her noncompliance with discovery bespeaks a fundamental misunderstanding of the rules and counsel's obligations as an officer of the court. The Court has already mentioned Rule 26, which requires an attorney to make "a reasonable inquiry" into the factual basis of his client's discovery responses. The rule sets forth "an objective standard similar to the one imposed by Rule 11." Rule 26(g), advisory committee note. The attorney's signature on a discovery response "certifies that the

---

[3] Overreaching here is not only disfavored but could result in the denial of expenses altogether.

lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." *Id.*  The rule "mandates that sanctions be imposed on attorneys who fail to meet the standards established in the first portion of Rule 26(g)," but "[t]he nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances." *Id.*  Counsel has not shown that he made the "reasonable inquiry" required by Rule 26(g) before he signed the discovery responses from his client in this case.  (There is no evidence that plaintiff's counsel deliberately withheld the requested discovery, else far more severe sanctions would be in order.)  What he has done here is a far cry from the serious discovery abuse and outright mendacity engaged in by the defense counsel sanctioned in *Malautea.*  But counsel's conduct does reflect a misunderstanding of the rules and a lack of the professionalism and courtesy demanded of this Court's bar.  Therefore, as a sanction, the Court directs counsel to handwrite (personally, not using a proxy) a verbatim copy of Rule 26(g) of the Federal Rules of Civil Procedure.  This handwritten document shall be signed and dated by counsel and submitted to the Court within 14 days.  Counsel shall also

10

certify that he has read and understood the Eleventh Circuit's general comments concerning professionalism and the primacy of an attorney's loyalty to the court and the legal system, rather than to  his client, as stated in *Malautea*, 987 F.2d at 1546-47, and *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1522-23 (11th Cir. 1986).

**SO ORDERED** this 22nd day of February, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA