# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANDREA D. KING,                      )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )      Case No.  CV411-028
                                     )
DILLON TRANSPORT, INC.,              )
                                     )
        Defendants.                  )

# <u>O R D E R</u>

After considering defendant's motion to compel and for discovery

sanctions (doc. 36), the Court determined that plaintiff should bear

defendant's fees and costs associated with conducting her third and

fourth depositions and in preparing its motion to compel.[1]  (Doc. 46.)  It

instructed defendant to itemize its reasonable fees and costs and allowed

plaintiff to respond.  (*Id.* at 8-9.)  Those papers are now before the

---

[1] The expenses that may be ordered paid upon a victorious motion to compel "are limited to 'the reasonable expenses incurred in making the motion, including attorney's fees.'"  8B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed. 2010) (quoting Fed. R. Civ. P. 37(a)(5)).  Plaintiff, however, is also on the hook for failing to supplement her discovery responses and answer discovery requests in violation of Fed. R. Civ. P. 37(c) & (d).  As explained in its prior Order, plaintiff will bear defendant's reasonable expenses, including attorney's fees, caused by the failure, including the additional deposition and discovery costs expended to obtain information that should have been disclosed in the first instance.  (Doc. 46.)

Court.[2]

In accordance with the applicable "lodestar" method of fee calculations, which multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate," *United States v. Patrol Servs., Inc.*, 202 F. App'x 357, 359 (11th Cir. 2006) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)), defendant requests a $7,947 in attorney's fees.  (Doc. 50-1 at 6-8 (lead counsel's affidavit laying out all fees and expenses); doc. 50 at 7).  It also seeks $1,457.90 to offset the transcription and recording costs incurred in taking plaintiff's third and fourth depositions.[3]   (Doc. 50-1 at 6-7.)   Taken together, defendant seeks $9,409.90 in fees and expenses, but  his math is off a little, for the Court can tally only $9,404.90 on its calculator.

Plaintiff does not dispute the hourly rates or costs incurred in the

---

[2] The Court has received plaintiff's counsel's handwritten copy of Rule 26(g) and his certification that he was familiarized himself with the certain Eleventh Circuit cases addressing attorney professionalism.

[3] Defendant's lead counsel, who has more than two decades of experience, states that his hourly rate is $285; his first year associate bills at $195 per hour, and his paralegal's rate is $105 per hour. (Doc. 50-1 at 2-3.)  Lead counsel states that he devoted a total of 18.1 hours, his associate worked 4.5 hours, and his paralegal worked 1.7 hours.  (*Id.* at 4-6.)  Local counsel, who has more than a decade of experience, bills at $210 per hour, and his paralegal's fee is also $105 per hour.  (*Id.* at 2-3.)  Local counsel worked 7.8 hours and his paralegal put in .9 hours.  (*Id.* at 7-8.)  Plaintiff does not object to the rates (doc. 51), and as defendant points out, several courts have found them to be within the range of reasonability.  (Doc. 50.)

depositions, but she objects to the expenses related to the preparation and filing of defendant's reply brief.[4]  (Doc. 51 at 2.)  She contends that the entire $2227.50[5] cost of preparing and filing defendant's reply brief should be excluded, since it entailed more work than the initial motion and no justification was offered for such an elevated expense.  (*Id.*)  She fails, however, to explain why this apparent overage should result in a total exclusion of fees rather than a downward adjustment.    (*Id.*)  Nonetheless, there is some merit to her position.  The reply was largely unnecessary, since the matter was not seriously contested.  There can be no question that defendant prevailed on the motion to compel and for

---

[4] Defendant actually submitted a second reply brief (doc. 47), but it excluded those expenses in its accounting here since the "Court did not review this latest brief before it issued its order the very next day." (Doc. 50 at 7.) The Court declines defendant's invitation to itemize the expenses associated with that un-noticed, unexpected brief for inclusion in the sanctions calculations. (*Id.*) The Court also declines its request in the sur-reply brief to bar plaintiff from presenting any damages testimony at trial. (Doc. 45 at 7-12.) The brief largely covers additional sanctionable conduct that came to light during plaintiff's third and fourth depositions. In effect, then, it is a motion for sanctions masquerading as a reply brief; as such, it should have been filed as a motion rather than a sur-reply.

[5] Plaintiff estimated a lower amount: $2,101.50. (Doc. 51 at 2.) Upon a thorough examination of defendant's filing, the Court reached a slightly different amount. According to defendant's lead counsel, he spent 5.1 hours preparing the brief, his associate did 2.3 hours of research, local counsel spent 1.1 hours preparing the notice of reply (plaintiff only listed .5 hours), reviewing the brief, and discussing sanctions with lead counsel, and local counsel's paralegal spent .9 hours working on the reply notice and brief. (Doc. 50-1 at 7-8.) Using the hourly rates discussed above, the Court calculates that the total fees associated with the reply brief came to $2227.50.

sanctions, since plaintiff admitted in her anemic four-page response that she failed to reveal discoverable information and update her earlier responses to defendant's discovery requests and that her lapses led to the need for additional depositions. (Doc. 37.) Consequently, the Court stands on firm footing in rejecting defendant's request for attorney's fees arising from the reply. *See Swann v. City of Goldsboro*, 137 F.R.D. 230, 231-32 (E.D.N.C. 1990) (lowering sanctions award where motion was not seriously contested).

Plaintiff has not contested the remainder of defendant's fees and costs, and the Court, having studied them carefully, accepts them as reasonable. Plaintiff, rather than her attorney, will bear the responsibility for paying defendant's fees and expenses. Hence, she shall pay defendant $7,177.40 within 30 days of the date of this Order. If she fails to do so, that amount will be taxed as an offset to any settlement or verdict plaintiff obtains, in accordance with defendant's wishes. (Doc. 40 at 7 n.4.)

**SO ORDERED** this _21st_ day of March, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4